**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

JIMMIE (JIMMY) WAYNE JOINER,

    Plaintiff,

v.                                                   Case No. 08-CV-10122

C. EICHENLAUB, et. al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
PROCEED *EX PARTE*, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court are the following motions filed by Plaintiff's Jimmie (Jimmy) Wayne Joiner: (1) "Admiralty and Maritime Claim *Ex Parte*;" (2) "Motion to Amend Original Complaint and to Add Additional Defendant;" and "Plaintiff's Response to Order Dismissing Plaintiff's Admiralty and Maritime Claim." For the reasons set forth below, the court will deny the motions.

**I. DISCUSSION**

**A. Motion for Reconsideration**

Plaintiff filed his "Response to Order Dismissing Plaintiff's Admiralty and Maritime Claim" on February 21, 2008. Because this motion discusses objections to the court's decision to dismiss this case and reasons why the case should remain viable, the court will interpret "Plaintiff's Response to Order Dismissing Plaintiff's Admiralty and Maritime Claim" as a motion for reconsideration.

The court dismissed Plaintiff's complaint on January 30, 2008 indicating that the admiralty and maritime claims were frivolous. Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a).[1] Therefore, Petitioner was required to submit his motion for reconsideration on or before February 13, 2008.[2] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Plaintiff had given his motion to prison authorities to mail on February 13, 2008, his motion would be considered timely.

Plaintiff signed his responsive pleading on February 19, 2008; and his certificate of service indicates that he mailed the motion by putting it into "the mail box at Milan, MI for delivery" on February 19, 2008. (Pl.'s Resp. at 16-17.) Therefore, Plaintiff relinquished control of his reconsideration motion on February 19, 2008, six days late. *See e.g., Hudson v. Martin,* 68 F.Supp.2d 798, 799, n.2 (E.D. Mich. 1999).

---

[1] Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[2] The February 13, 2008 deadline takes into consideration the following weekends: February 2-3, 2008 and February 9-10, 2008.

As a result, Petitioner's motion is untimely and he has waived his opportunity for reconsideration.

**B. Amendment**

Plaintiff states that he seeks to amend his civil rights complaint in order to add this court as a party defendant. Plaintiff contends that this court's dismissal of his lawsuit must result in the court becoming a necessary party defendant: "Robert [H.] Cleland by answering and writing an order to dismiss Plaintiff's Claim has now entered the stage as a Defendant in this case." (Pl.'s Mot. to Amend at 1.)

Under the Federal Rules of Civil Procedure, a party may amend his pleading, after a responsive pleading has been served, only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires Fed. R. Civ. P. 15(a). However, there is a futility exception to the general rule; the court may deny the motion to amend if amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Amadasu v. The Christ Hospital,* 514 F.3d 504, 507 (6th Cir. 2008); *Wade v Knoxville Util. Bd.,* 259 F.3d 452, 459-60 (6th Cir. 2001). Accordingly, it is necessary to assess whether Plaintiff's claim against this court fails to state a claim upon which relief can be granted.

Judicial officers generally enjoy absolute immunity from civil suits for monetary damages. *Cooper v. Parish,* 203 F.3d 937, 944 (6th Cir. 2000). However, a judge is not immune for acts not taken in a judicial capacity and for actions taken in the complete absence of all jurisdiction. *Id.* at 945. In the present case, this court's actions in analyzing Plaintiff's civil rights complaint and "answering and writing an order to Dismiss Plaintiff's Claim" were judicial acts. Moreover, they were not taken in the complete

absence of all jurisdiction. Plaintiff's bare allegation to the contrary is not sufficient to overcome this court's judicial immunity. Accordingly, Plaintiff's proposed amendment is futile, and relief relative to this motion is not warranted.

### C. Proceeding *Ex Parte*

Plaintiff's motion focuses upon the mail room staff at his prison facility and how they cannot be trusted to properly handle his legal mail. Plaintiff has presented no factual or legal arguments nor any authority to support his *ex parte* request. These facts in addition to the court's decision relative to the previously ruled upon motions, persuades the court to deny Plaintiff's requested *ex parte* relief.

### II. CONCLUSION

IT IS ORDERED that Plaintiff's motion regarding "Admiralty and Maritime Claim Ex Parte" [Dkt. # 9] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Amend Original Complaint and to Add Additional Defendant" [Dkt. # 10] is DENIED.

IT IS FURTHER ORDERED that "Plaintiff's Response to Order Dismissing Plaintiff's Admiralty and Maritime Claim" [Dkt. # 11] is CONSTRUED as a motion for reconsideration and is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 28, 2008

I hereby certify that a copy of the foregoing document was mailed to Jimmie Joiner and counsel of record on this date, August 28, 2008, by electronic and/or ordinary mail.

4

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522